W. H. APPELL, Appellant

v.

A. J. FIORE, Appellee.

No. 16538.

United States Court of Appeals
Fifth Circuit.

May 24, 1957.

Kenneth Oden, Alice, Tex., Perkins, Floyd & Davis, Alice, Tex., for appellant.

J. R. Alamia, R. L. Lattimore, Pharr, Tex., Hartley, Alamia & Perkin, Pharr, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit for the recovery of $12,500 paid by plaintiff to defendant on or about August 4, 1952, was in two counts. The first count alleged mistake, the second fraud.

The answer denied that the payment had been induced by fraud or mistake and alleged that it was properly made under and in accordance with the terms of a contract [1] between defendant Appell and one Letha George, the owners of oil, gas and mineral leases in Blaine County, Montana, as first parties, and Fiore, as second party, for the drilling of a well by first parties on, and the conveyance to the plaintiff of a one-half undivided interest in said leases.

The case was tried to the court without a jury, and at the conclusion of the evidence,[2] the district judge, upon evidence that the well was not and never had been in law or in fact a commercial producer, found and concluded: that it was not brought in as, and that it was not, a producer in commercial quantities; that the plaintiff in making the payment in reliance upon the representations by the defendant, and in the belief induced thereby that it was such a producer had been wrongfully induced to make the payment; and that he was entitled to recover it back.

Defendant-appellee is here assigning three errors: (1) the action of the court in directing the defendant's counsel to produce and offer in evidence the correspondence in his possession between plaintiff and defendant bearing upon the controversy; (2) that the court erred in holding that the contract was not ambiguous; and (3) that it erred in holding that the plaintiff had discharged his burden of proof in showing that the payment of the money by him was induced by fraud or mistake.

We think it clear that none of these grounds of error is well taken.

█ If, and we doubt it, a claim of the nature of that made would have merit if the court had, over counsel's objection compelled him to produce the

---

1. As pertinent here, Clause 1. of the Contract provided that the first parties would drill a well for oil, gas, or other minerals on the leased properties to the sawtooth sand at the approximate depth of 3200 to 3400 feet "unless oil or gas is produced in commercial quantities at a lesser depth."

Said clause further provided:

"When such well shall have reached a depth of two thousand feet, Second Party agrees to pay to First Party the sum of $6,250.00 When such well has reached the sawtooth sand and has penetrated same a sufficient depth to determine whether or not production exists therein, or if same is brought into commercial production of oil or gas at a lesser depth then Second Party agrees to pay to First Parties the further sum of $6,250, *and if same shall produce oil or gas in commercial quantities, then Second Party shall pay First Parties an additional sum of $12,500, making a total consideration of $12,500 if the first well should fail to produce oil or gas in commercial quantities, or $25,000 if same does produce oil or gas in commercial quantities,* and upon payment of such sums as herein provided, First Parties shall execute and deliver to Second Party a good and sufficient assignment of an undivided one-half interest in and to the leases above described insofar as same cover the lands described therein, together with a like one-half interest in and to all personal property used or obtained in connection therewith." (Emphasis added.)

Clause 2. provided:

"As a part of the consideration, First Parties agree, at their own cost and expense, to drill said well; and if production of oil or gas in commercial quantities is obtained therein, to, at their own cost and expense, equip same with casing, tubing, fittings and tanks."

While Clause 3. provided that after the delivery of the assignment, the leasehold interest shall be owned one-fourth by Appell, one-fourth by George and one-half by Fiore.

2. This showed *without dispute*, that Fiore made the first two payments of $6500 each as provided in the contract and that, upon the assurances and representations of Appell, which he supported by an affidavit of a bank cashier of a 24 hour test, that the well was producing and would produce oil in commercial quantities, upon which he relied as establishing that the well was a commercial producer, Fiore paid the $12,500 in controversy.

correspondence, it is without merit here because no objection was made by counsel. Indeed, he willingly agreed, as in good conscience we think he should have done, to furnish the evidence, and he, as much as the plaintiff did, relied upon the correspondence to support him.

Of his other points, we think it sufficient to say that this case and its outcome is controlled by the conclusion that "the principal apparent purpose of the parties", as evidenced by the plain terms of their contract, was to condition the payment of the $12,500 on the production of oil in commercial quantities, and that, this being so, the undisputed fact that it was not such a producer is the controlling fact in this case. In Cocke v. Vacuum Oil Co., 5 Cir., 63 F.2d 406, 409, this court dealt fully and carefully with the construction, in the light of the "principal apparent purpose" of the parties, of a contract for the drilling of a well and there determining that that purpose was not the production of oil in commercial quantities but the discovery of indicia of the presence of an oil field, cap rock, salt or oil, held that the principal apparent purpose of the parties had been fulfilled and the payment contracted for was due.

■ Here, by contrast, the principal apparent purpose of the parties was not an experimental exploration to discover indicia of the presence of an oil field, but the production of oil in commercial quantities in a specific well. Under the established fact, therefore, in this case, that the well was not such a producer,[3] the $12,500 paid in reliance upon defendant's assurances and representations that it was such, was wrongfully exacted. Plaintiff was therefore entitled to recover it on the ground of mutual mistake, because both he and Appell thought and believed that it was a producer, Providence Washington Ins. Co. v. Rabinowitz, 5 Cir., 227 F.2d 300; or, if Appell did not believe it to be such a well, and his representations and actions were fraudulent, plaintiff, having relied thereon and been induced thereby to make the payment, is entitled to recover it upon the grounds of fraud, and to prevent the unjust enrichment of defendant, Texas Pac. Coal & Oil Co. v. Honolulu Oil Corp., 5 Cir., 241 F.2d 920.

The judgment was right. It is affirmed.

---

3. Cf. Garcia v. King, 139 Tex. 578, 164 S.W.2d 509; Holchak v. Clark, Tex.Civ.App., 284 S.W.2d 399.